**UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION**

| | | |
|---|---|---|
| **MICHAEL RATCLIFFE,** | ) | **CASE NO. 5:11cv2298** |
| | ) | **5:10cr470 - 1** |
| Plaintiff, | ) | **JUDGE DAN AARON POLSTER** |
| | ) | |
| vs. | ) | **MEMORANDUM OF OPINION** |
| | ) | **AND ORDER** |
| **UNITED STATES OF AMERICA,** | ) | |
| | ) | |
| Defendant. | ) | |

Before the Court is Petitioner Michael Ratcliffe's *pro se* Motion, under 28 U.S.C. § 2255, to Vacate, Set Aside, or Correct his Sentence (**ECF No. 1**). For the reasons to follow, the Motion is **DENIED** and the case summarily dismissed.

**I.**

On August 19, 2011, Ratcliffe was convicted pursuant to a written plea agreement of conspiracy to commit bank fraud, in violation of 18 U.S.C. § 1349. *See Case No. 5:10 CR 470, ECF Nos. 36, 44*. Ratcliffe was sentenced to 27 months in prison, the low end of the Guidelines range for offense level 18, Criminal History Category I (27-33 months). *ECF No. 44, at 2*.

On October 26, 2011, Ratcliffe filed the instant § 2255 Petition, alleging two grounds for relief. First, he argues that he pled guilty without understanding the nature of the charges and


the consequences of his plea, in that he was not given sufficient time to review, research, or understand any of the government's evidence against him. Ratcliffe further states he was denied the effective assistance of counsel because his attorney told him he had no defense to the charges and must plead guilty, failed to share with him any of the exculpatory evidence in his favor, and failed to prepare a defense for trial.

## II.

Under 28 U.S.C. § 2255, a federal district court may grant relief to a prisoner in custody under a sentence imposed by that court "upon the ground that the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack . . . ." *Id.* To prevail on a § 2255 claim, the petitioner must show a fundamental defect in the proceedings "which necessarily results in a complete miscarriage of justice or an egregious error violative of due process." *Nagi v. United States,* 90 F.3d 130, 133–34 (6th Cir. 1996) (quoting *Gall v. United States,* 21 F.3d 107, 109 (6th Cir. 1994)).

Rule 4(b) of the Rules Governing Section 2255 Proceedings requires the judge to whom the 2555 petition is assigned to promptly make a preliminary examination of the petition, records, and transcripts relating to the judgment under attack. Rule 4(b) provides in pertinent part as follows:

> If it plainly appears from the face of the motion and any annexed exhibits and the prior proceedings in the case that the movant is not entitled to relief in the district court, the judge shall make an order for its summary dismissal and cause the movant to be notified. Otherwise, the judge shall order the United States Attorney to file an answer or other pleading within the period of time fixed by the

court or to take such other action as the judge deems appropriate.

*Id.* The Court has promptly examined the § 2255 Petition, the record in the underlying criminal case, and the case law and finds that it plainly appears that Ratcliffe is not entitled to relief in the district court for the following reasons.

## III.

In his first ground for relief, Ratcliffe claims he pled guilty without understanding the nature of the charges and the consequences of his plea. Pursuant to Fed. R. Crim. Proc. 11(b)(1), before the Court accepts a guilty plea the defendant must be placed under oath and the Court must address the defendant in open court to ensure the defendant understands the nature of each charge to which the he is pleading and the consequences of such plea. At the August 19, 2011, "Change of Plea" hearing, the Court placed Ratcliffe under oath and addressed all of the requirements in Rule 11(b)(1). Having carefully reviewed the transcript of that hearing, the Court is satisfied that Ratcliffe understood the nature of the charges and the consequences of pleading guilty.

With respect to the nature of the charges, the following discussion took place between the Court and Ratcliffe:

> THE COURT: All right. You are proposing to plead guilty to Count 1 of the indictment, [which ] charges you with conspiracy to commit bank fraud, maximum penalty 30 years in prison, $1 million fine, five years of supervised release, and a $100 special assessment. Do you understand that?
>
> THE DEFENDANT: Yes, your Honor.
>
> THE COURT: All right. The Government's going to be dismissing Counts 2, 3, 4, and 6 against you at the time of sentencing. Understand that?
>
> THE DEFENDANT: Yes, your Honor.

3

*ECF No. 70, at 5*.  The Court subsequently directed Ratcliffe's attention to the lengthy factual basis of the plea, pages 7 through 16 of the written plea agreement.  *Id., at 13*.  Ratcliffe acknowledged that he had read that portion of the plea agreement carefully and that it was true and accurate.  *Id*.

The Court also discussed in detail the consequences of pleading guilty.  The Court reminded Ratcliffe that he was waiving his right to a trial–including the right to cross-examine the government's witnesses and challenge the government's evidence as well as the right to call witnesses and present evidence in his own defense.  *Id, at 10–12*.

> THE COURT: If I accept your guilty plea today, we won't have any trial witnesses, documents, cross-examination...you'll be found guilty, we'll come back in about three months for sentencing, and you won't be able to say gee I made a mistake I want a trial.  Do you understand that?
>
> THE DEFENDANT: Yes, your Honor.

*Id., at 12–13*.  Finally, Ratcliffe said he knew that by pleading guilty he was giving up his right to appeal.  *Id, at 10*.

The transcript of the plea colloquy makes clear that Ratcliffe fully understood the nature of the charges and the consequences of pleading guilty.  He may not now challenge his own sworn testimony.

## IV.

In his second ground for relief, Ratcliffe argues that he was denied the effective assistance of counsel because his attorney told him he had no defense to the charges and must plead guilty, failed to share with him any of the exculpatory evidence in his favor, and failed to prepare a defense for trial.

Claims of ineffective assistance of counsel are analyzed under the standard enunciated in

4

*Strickland v. Washington*, 466 U.S. 668 (1984).  To prevail on a claim of ineffective assistance of counsel, the petitioner must establish two elements: (1) counsel's performance fell below an objective standard of reasonableness, and (2) there is a reasonable probability that, but for counsel's deficiency, the outcome of the proceedings would have been different.  *Griffin v. United States*, 330 F.3d 733, 736 (6th Cir. 2003)(citing *Strickland*).  A review of counsel's performance must be highly deferential and requires the courts to "indulge a strong presumption that counsel's conduct falls within a wide range of reasonable professional assistance."  *Monzo v. Edwards*, 281 F.3d 568, 579 (6th Cir. 2002) (quoting *Strickland*, 466 U.S. at 689).

  The *Strickland* standard applies to guilty pleas.  *Hill v. Lockhart*, 474 U.S. 52, 58 (1985).  In the guilty plea context, the first *Strickland* element is the same.  *Griffin*, 330 F.3d at 736-37 (citing *Hill*, 474 U.S. at 58-59).  However, the prejudice prong "focuses on whether counsel's constitutionally ineffective performance affected the outcome of the plea process.  In other words, in order to satisfy the 'prejudice' requirement, the defendant must show that there is a reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial."  *Griffin*, 330 F.3d at 737 (quoting *Hill*, 474 U.S. at 58-59).

  Ratcliffe's assertion that his attorney told him he had no defense to the charges and must plead guilty and failed to share with him any of the exculpatory evidence in his favor is belied by Ratcliffe's open acknowledgments in court.  The Court asked Ratcliffe if he had discussed with his attorney what the government's evidence would be if he went to trial and what, if any, challenges or defenses he might have to the government's evidence if the case went to trial.  The Court also asked him if he was satisfied with counsel's representation.  To all of these questions Ratcliffe answered yes.  *ECF No. 70, at 6–7*.

Furthermore, contrary to Ratcliffe's allegation that his lawyer told him he had no defense to the charges and must plead guilty, Ratcliffe said at the change of plea hearing that he was there voluntarily and that nobody had threatened or pressured him in any way, shape, or form to get him to plead guilty. *Id., at 7*.

Finally, the allegation that his attorney failed to prepare a defense for trial is without merit.  In the first place, Ratcliffe's attorney did considerable work on Ratcliffe's behalf, filing a number of motions and documents, *see, e.g., ECF Nos. 13, 25, 38*, *40*, and participating in conferences with the Court and opposing counsel.  In the second place, there was no trial to prepare for, in the sense of subpoenaing witnesses, hiring experts or preparing exhibits, so the notion that his attorney failed to prepare a defense for trial puts the cart before the horse.

**V.**

Accordingly, Petitioner Michael Ratcliffe's Motion under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody **(ECF No. 1)** is hereby **DENIED** and the case is summarily dismissed under Rule 4(b).

**IT IS SO ORDERED.**

           */s/Dan Aaron Polster 11/3/11*
           **Dan Aaron Polster**
           **United States District Judge**